EDITH R. JOHNSON, RESPONDENT, v. JERSEY CENTRAL POWER AND LIGHT COMPANY, APPELLANT.

Argued May 9, 1935—Decided September 11, 1935.

746

Before Brogan, Chief Justice, and Justices Lloyd and Donges.

For the appellant, *Walter L. McDermott*.

For the respondent, *Herbert A. Kuvin*.

Per Curam.

This case is largely that of *Downs* v. *Jersey Central Power Co.*, decided in the Court of Errors and Appeals in 117 *N. J. Eq.* 138, except that the present proceeding is at law rather than based in equity. It is a complaint alleging that, a contract whereby the plaintiff became the owner of one hundred shares of the preferred stock of the defendant company, was fraudulently induced, seeking rescission and demanding return of the moneys paid less dividends received.

Certain alleged false representations were proved and the case was submitted to the jury, the defendant company offering no proofs. Verdict and judgment in favor of the plaintiff followed and the present appeal is presented.

The adequate grounds of appeal are narrowed down to exceptions to the charge and to the court's denial of the motion to direct a verdict for the defendant. Grounds that the judgment is contrary to law and the trial court erred in giving judgment to the plaintiff are insufficient under our cases.

. The substantive law applicable is stated in the cited case, and under the proofs the court below properly refused to direct a verdict for the defendant.

As to the charge: The third count on which the case was submitted to the jury was substantially in rescission of the contract, and the learned judge was right in directing the jury if it found for the plaintiff to award a return· of the moneys paid, less the dividends received.

The charge of the court regarding the burden of proof on the plaintiff to the effect that she must show that the representation was made and that those who made it knew it was

false and never intended to be performed, that it was known to the company and made by its authority, and that the plaintiff believed it to be true, was favorable to the defendant, and as to this instruction it has no just cause of complaint.

The judgment is affirmed.